CITY OF AUSTIN, Appellant, v. Paul M. DEATS, Appellee.

No. 7500.

Court of Civil Appeals of Texas. Austin.

Dec. 10, 1930.

For former opinion, see 32 S.W.(2d) 685, 686.

BLAIR, J.

By a second motion for a rehearing, appellant attacks our following findings of fact as not being supported by the evidence:

"(a) The city council did not give to appellee a hearing on any of his applications"; and

"(b) The city council did not base their refusal of the permit upon any hearing or evidence which tended to show that the filling station would reasonably become a nuisance by operation."

While there was no specific evidence that appellee was not given a hearing, still the only reasonable deduction to be drawn, from the agreed facts upon which the case was tried, is that no hearing was given appellee, and that no hearing was had by the council as to whether the filling station would rea-

sonably become a nuisance by operation. The agreed facts were ultimate facts rather than the testimony which established the agreed ultimate facts. Therefore the agreed facts that the application for the permit was "filed with the clerk for presentation to the City Council" clearly indicated that appellee did not personally present the application, but that the clerk presented it. Nor do the agreed facts "that plaintiff has done everything required of him in presenting his application for the building to the said City Council," and that the city council "denied petitioner's application" and "assigned no reasons for such refusal * * * which appear of record in the order entered," indicate that appellee was given a hearing, or that any hearing was had by the city council on the issue of whether the filling station would become a nuisance by operation. The agreed facts rather indicate that no hearing was given, and especially so when construed in connection with the purpose of the agreement. The purpose of the agreed facts was to render unnecessary any testimony as to the mode of presenting and the sufficiency of the application for the permit, and that the city council was guilty of an unfair and unjust discrimination against appellee, both in the manner of passing upon and in refusing the permit. We think that the trial court so construed the agreement and partly based thereon its following findings:

"The court finds as a fact that the defendants, acting as City Councilmen of the City of Austin, arbitrarily refused the application of the plaintiff, Paul M. Deats, for a permit to erect and operate a filling station on his property at the corner of 19th and Rio Grande Streets, in the City of Austin, without assigning any reasons or causes for their said action."

With the foregoing explanation of our findings of fact, the second motion for a rehearing is overruled.

Overruled.